# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY LABORERS, ) | | |
| PENSION FUND, et al., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 4:15-CV-804 CAS | |
| ) | | |
| WELLINGTON CONCRETE, LLC, ) | | |
| ) | | |
| Defendant. ) | | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiffs Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Steven C. Glenn, Patrick R. Pryor, Perri L. Pryor, and Steve Schrimpf's (collectively "Plaintiffs") motion pursuant to Federal Rule of Civil Procedure 12(f) to strike five affirmative defenses raised by Wellington Concrete, LLC ("Wellington") in its answer. Wellington did not respond to the motion to strike, and the time to do so has long expired. For the following reasons, the motion is granted in part and denied in part.

### *I. Background*

Plaintiffs bring a three-count complaint against Wellington under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs allege Wellington agreed to be bound by the terms and conditions of a collective bargaining agreement ("CBA") between the Site Improvement Association and the Eastern Missouri Laborers' District Council and Local Union No. 660. Plaintiffs further allege that Wellington employed laborers under the terms of the CBA, but Wellington failed and has refused to submit remittance reports and to pay and contribute to the various funds, as required by the CBA. Plaintiffs seek delinquent contributions, liquidated damages, interest, attorneys' fees and costs. For

relief, Plaintiffs also request that the Court issue an order directing that an accounting be made of Wellington's books and records to determine the total number of hours worked and paid to employees covered by the CBA.

Wellington answered Plaintiffs' complaint and asserts the following seven affirmative defenses:

> First Affirmative Defense - Plaintiffs are equitably estopped from collecting contributions set forth in Plaintiffs' complaint, as Plaintiffs have provided no benefits to the individuals with respect to whom they assert contributions are owed;
>
> Second Affirmative Defense - Plaintiffs are barred from recovering the contributions set forth in their complaint, as the Plaintiffs have not provided the benefits, for which such contributions would to pay to any of the individuals to whom such contributions would relate;
>
> Third Affirmative Defense - Plaintiffs' Complaint fails to state actionable claims upon which relief can be granted;
>
> Fourth Affirmative Defense - All or part of Plaintiffs' claims are barred by the doctrines of laches, waiver, and/or estoppel;
>
> Fifth Affirmative Defense - All actions taken by [Wellington] were legally permissible under all applicable agreements between the parties;
>
> Sixth Affirmative Defense - Plaintiffs are not covered by the statutes, regulations and legal theories advanced and/or sought to be invoked in the Complaint. Accordingly, for this and other reasons, Plaintiffs' claims, or some of them, are barred in whole or in part because Plaintiffs lack standing to bring said claims; and
>
> Seventh Affirmative Defense - [Wellington] denies each and every allegation not specifically admitted herein and incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. [Wellington] specifically reserves the right to amend its answer to include affirmative defenses at the time they are discovered.

Doc. 6 at 6-7.

In their motion, Plaintiffs argue that the First, Second, and Fourth Affirmative Defenses are barred under the laws of ERISA. Plaintiffs also argue that the Third and Seventh Affirmative

Defenses are improperly pleaded. Plaintiffs move that these five defenses be stricken pursuant to Federal Rule of Civil Procedure Rule 12(f).

## *II. Discussion*

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are not favored and are infrequently granted, because they propose a drastic remedy. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ("[s]triking a party's pleading . . . is an extreme and disfavored measure."); Stanbury Law Firm, P.A. v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. 2 James W. Moore, et al., Moore's Federal Practice §12.37[3] (3rd ed. 2014). If there is any doubt whether the matter may raise an issue, the motion should be denied. Id. If allegations are redundant or immaterial, they should be stricken only if prejudicial to the moving party. Id.

### A. Equitable Defenses

Collective bargaining agreements that create pension or welfare benefit plans are subject to the provisions of ERISA. M & G Polymers USA, LLC v. Tackett, 135 S. Ct. 926, 933 (2015). Section 402 of ERISA requires that employee benefit plans be maintained pursuant to a written instrument, 29 U.S.C. § 1102, and Section 515 requires employers to adhere to the terms of that instrument:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

3

29 U.S.C. § 1145. See also Curtiss–Wright Corp. v. Schoonejongen, 514 U.S. 73, 83 (1995).

Collective bargaining agreements are interpreted by ordinary contract principles to the extent those principles are not inconsistent with federal labor policy. M & G Polymers, 135 S.Ct. at 933. ERISA § 515, however, streamlines the collection procedures for pension and welfare funds. ERISA § 515 limits the defenses an employer can raise in a suit to collect fringe benefits. Central States, Se. & Sw. Areas Pension Fund v. Independent Fruit & Produce Co., 919 F.2d 1343, 1348 (8th Cir. 1990). "Section 515 places the pension fund in a better position, analogous to that of a holder in due course or a receiver of a failed bank – 'entitled to enforce the writing without regard to understandings or defenses applicable to the original parties.'" Id. (quoting Central States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., 870 F.3d 1148, 1149 (7th Cir. 1989)). "'If it means nothing else, section 515 means that ... suit [by a trustee] cannot be thwarted by defenses not apparent from the face of the [a]greement.'" Id. (quoting Bituminous Coal Operators' Ass'n, Inc. v. Connors, 867 F.2d 625, 634 (D.C. Cir. 1989)). The Eighth Circuit has recognized only two defenses to a collection action: "that the pension contributions are themselves illegal or that the collective bargaining agreement is void." Id. at 1349 (citing Benson v. Brower's Moving & Storage, 907 F.2d 310, 314 (2d Cir. 1990)). See also Twin City Pipe Trades Service Ass'n, Inc. v. Frank O'Laughlin Plumbing & Heating Co., 759 F.3d 881, 885 (8th Cir. 2014) (declining to formally recognize a termination defense where the employer's actions did not express an unequivocal intent to terminate participation in collective bargaining agreement).[1]

---

[1]Other Circuits have been somewhat more expansive in the defenses they have allowed. See, e.g., Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1052-53 (6th Cir. 2015) (recognizing illegality of contributions, fraud in the execution of the CBA, union decertification, and CBA termination); Louisiana Bricklayers & Trowel Trades Pension Fund & Welfare Fund v. Alfred Miller Gen. Masonry Contracting Co., 157 F.3d 404, 409 n.12 (5th Cir.

Wellington's First and Second Affirmative Defenses are based on the alleged failure of the union to provide benefits under the CBA. This is not a defense recognized by the Eighth Circuit – defendant is not alleging that its contributions would be illegal or that the CBA is void. Independent Fruit & Produce Co., 919 F.2d at 1348. Defenses based on union conduct are barred by ERISA § 515. Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1053 (6th Cir. 2015) ("Any conduct of the [u]nion that is contrary to the written provisions of the agreements cannot affect the [f]unds' right to collect contributions that are due and owing to the [f]unds."(citing Central States, Se. & Sw. Areas Pension Fund v. Behnke, Inc., 83 F.2d 454, 462 (6th Cir. 1889); Gerber Truck Serv., Inc., 870 F.2d at 1151)). Wellington's first two affirmative defenses are not proper defenses in an ERISA collection action and, therefore, the Court agrees that they should be stricken.

Wellington's Fourth Affirmative Defense asserts that Plaintiffs' claims are barred by the doctrine of laches, waiver, and/or estoppel. With regard to laches, the Supreme Court recently confirmed that laches may not be invoked to bar damages relief if the action was brought within the limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1972-74 (2014). For ERISA collection actions brought in Missouri, the Eighth Circuit instructs that courts apply Missouri's ten-year statute of limitations for breach of written contracts. Robbins v. Iowa Road Builders Co., 828 F.2d 1348, 1355 (8th Cir. 1987) (applying state statute of limitations for breach of written contract to trustee collection action under ERISA). See Mo. Rev. Stat. § 516.110(1). The

---

1998) (recognizing termination of the CBA); Bakery & Confectionery Union & Industry Int'l Pension Fund v. Ralph's Grocery Co., 118 F.3d 1018, 1022 (4th Cir. 1997) (same); DeVito v. Hempstead China Shop, Inc., 38 F.3d 651, 653–54 (2d Cir. 1994) (same); Teamsters Indus. Employees Welfare Fund v. Rolls–Royce Motor Cars, Inc., 989 F.2d 132, 138 (3d Cir. 1993) (same).

contributions at issue in this suit are based on work allegedly performed between 2013 and the time the suit was filed, which is well within the applicable statute of limitations. The doctrine of laches simply does not apply in this case, and the defense will be stricken.

As for the assertion of "estoppel" and "waiver" in the Fourth Affirmative Defense, Plaintiffs argue in their motion that the defenses are improper because they are ostensibly based on union conduct. The Court cannot make such a finding because the defenses are conclusory without any supporting facts or explanation. That said, the Court will not strike the defenses of waiver and estoppel as "insufficient" under Rule 12(f) because affirmative defenses and avoidances are not subject to the same pleading standards as claims for relief. 2 Moore's Federal Practice § 8.08[1]. "For pleading affirmative defenses, Rule 8 requires only that a party 'affirmatively state' any avoidance or affirmative defense. . . . [T]he pleader of an affirmative defense need only 'state' the defense, but need not 'show' anything in order to survive a motion to strike. " Id. (citing Fed. R. Civ. P. 8(c)(1)), see e.g., Certain Underwriters at Lloyd's, London, Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC, 2013 WL 6801832, at *8 (E.D. Mo. Dec. 23, 2013) (citing Moore's).

The Supreme Court has stated that the purpose of requiring the pleading of an affirmative defense is to give the opposing party notice and a chance to argue why the defense is inappropriate. Blonder-Tongue Lab. v. University of Ill. Found., 402 U.S. 313, 350 (1971). Plaintiffs are on notice as to Wellington's defenses of waiver and estoppel, and they can make inquiries during written discovery as to the specifics of these two defenses. Plaintiffs' motion to strike is denied as to the general defenses of waiver and estoppel.

### B. Other Defenses

In its Third Affirmative Defense, Wellington alleges that "Plaintiffs' Complaint fails to state actionable claims upon which relief can be granted." Doc. 6 at 6. In general, failure to state a claim is not a proper affirmative defense but rather is an assertion that there is a defect in a plaintiff's prima facie case. PNC Bank, Nat'l Ass'n v. SM & JH, LLC, No. 4:12-CV-597, 2012 WL 2905047, at *2 (E.D. Mo. Jul. 16, 2012); Lemery v. Duroso, No. 4:09-CV-167, 2009 WL 1684692, at *3 (E.D. Mo. June 16, 2009) (citing Boldstar Tech., LLC v. Home Depot, Inc., 517 F. Supp.2d 1283, 1291 (S.D. Fla. 2007)). Essentially, Wellington is asking the Court to review Plaintiffs' claims to determine whether each states a claim upon which relief can be granted, although Wellington has not filed a motion to dismiss and its affirmative defense does not state the way in which the complaint may fail to state a claim. This aspect of Plaintiffs' motion will be denied, however, because Plaintiffs have not articulated any basis for a finding of prejudice or confusion as a result of the inclusion of the defense. The Court declines to strike the Third Affirmative Defense.

Finally, in its Seventh Affirmative Defense, Wellington "denies each and every allegation not specifically admitted herein and incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery in this case. [And it] specifically reserves the right to amend its answer to include affirmative defenses at the time they are discovered." Doc. 6 at 7. In its Seventh Affirmative Defense, it would appear Wellington is attempting to suspend the applicable Federal Rules of Civil Procedure. Affirmative defenses that come to light during discovery are not automatically incorporated into an answer, and a party cannot "reserve the right" to amend its answer once an affirmative defense is discovered. Amendments to pleadings, which would include the addition of affirmative defenses, are subject to

7

Rule 15 of the Federal Rules of Civil Procedure. Within certain time frames, a party may amend its pleading "once as a matter of course." Fed. R. Civ. p. 15(a)(1). Otherwise, a party may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court will strike Wellington's Seventh Affirmative Defense.

Accordingly,

**IT IS HEREBY ORDERED** that Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Steven C. Glenn, Patrick R. Pryor, Perri L. Pryor, and Steve Schrimpf's motion to strike affirmative defenses is **GRANTED in part and denied in part.** The motion is **GRANTED** to the extent that the Court shall strike Wellington Concrete, LLC's First, Second, and Seventh Affirmative Defenses, and its Fourth Affirmative Defense to the extent it asserts a defense of laches. In all other respects, the motion is **DENIED**. [Doc. 7]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of March, 2016.