# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

CONSTRUCTION INDUSTRY LABORERS )
PENSION FUND, et al., )
                                                  )
       Plaintiffs, )
                                                  )     No. 4:15-CV-804 CAS
   v. )
                                                  )
WELLINGTON CONCRETE, LLC, )
                                                  )
      Defendant. )

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' motion to enforce settlement against defendant Wellington Concrete, LLC ("Wellington"). Defendant Wellington did not respond to the motion, and the time to do so has expired. For the following reasons, the Court will grant plaintiffs' motion to enforce settlement.

*Background*

On May 20, 2015, plaintiffs brought a three-count complaint against Wellington under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs allege in their Complaint that Wellington agreed to be bound by the terms and conditions of a collective bargaining agreement ("CBA") between the Site Improvement Association and the Eastern Missouri Laborers' District Council and Local Union No. 660. Plaintiffs further allege that Wellington employed laborers under the terms of the CBA, but Wellington failed and has refused to submit remittance reports and to pay and contribute to the various funds, as required by the CBA. In their Complaint, plaintiffs seek delinquent contributions, liquidated damages, interest, attorneys' fees and costs.

Wellington answered plaintiffs' Complaint, and on July 22, 2015, the parties filed a joint motion to stay the case in order to allow for an audit of Wellington's books and records. The Court granted the motion, and the case was stayed until September 5, 2015. On May 23, 2016, the parties filed a Stipulation for Dismissal with Prejudice. In their stipulation, the parties notified the Court that they had reached a settlement, and they stated that the parties agreed that the Court "shall retain jurisdiction over the Release and Settlement Agreement between the parties for purposes of enforcement of its terms." Doc. 22. On May 24, 2016, the case was dismissed with prejudice.

In the motion presently before the Court, plaintiffs state that under the terms of the Release and Settlement Agreement ("Settlement Agreement") between the parties, defendant Wellington agreed to pay the plaintiff funds a total of $17,550.00 in eighteen monthly payments of $975.00, beginning in May 2016. Plaintiffs further state in their motion that defendant Wellington made the first installment under the terms of the Settlement Agreement but has not made any subsequent payments.

A copy of the signed Settlement Agreement was attached to the motion to enforce settlement. The Settlement Agreement provides, in part:

> In the event of the monthly installment are not received . . . on or by the 15th of the month in accordance with the terms of this Agreement, . . . Defendant shall be in default and the entire remaining balance owed by Defendant to the Funds as stated herein shall become due immediately to the Funds and the Funds shall have all rights of execution to collect the outstanding balance if the remaining balance is not paid within 30 days of the Plaintiffs' written demand.

Doc. 24, Ex. 1 at 2.

Plaintiffs represent that they sent Wellington a written demand letter for payment of the delinquent installments, but defendant has not made any further payments. Plaintiffs assert that under the terms of the Settlement Agreement between the parties, defendant Wellington is in default, and the entire

remaining balance is due to plaintiffs. For relief, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant Wellington in the amount of $16,575.00, plus attorneys' fees in the amount of $750.00.

*Discussion*

A district court has inherent power to enforce a settlement agreement entered into by parties in a case. Barry v. Barry, 172 F.3d 1011, 1013 (8th Cir. 1999). "Once parties have settled a dispute and have agreed to settlement terms, the parties cannot rescind it." Caleshu v. Merrill Lynch, 737 F. Supp. 1070, 1086 (E.D. Mo. 1990) (citing Kelly v. Greer, 365 F.2d 669, 673 (3rd Cir. 1966)). A settlement agreement is a contract between the parties and, therefore, contract law governs its enforcement. Visiting Nurse Assoc., St. Louis v. VNAHealthcare, Inc., 347 F.3d 1052, 1053 (8th Cir. 2003).

The Settlement Agreement stipulates that Missouri law governs the terms of the agreement. Doc. 24, Ex. 1 at 2. In Missouri, interpreting a settlement agreement is a question of law, and it is "interpreted according to the same principles that govern the interpretation of any other type of contract." Parks v. MBNA Am. Bank, 204 S.W.3d 305, 311 (Mo. Ct. App. 2006). The principal question under Missouri law is to determine whether there was a mutual acceptance of the terms of the agreement. Visiting Nurse Assoc., 347 F.3d at 1054. To form a valid contract in Missouri, the Court must find the basic contract elements of offer, acceptance, and consideration. Beck v. Shrum, 18 S.W.3d 8, 10 (Mo. Ct. App. 2000). Additionally, "in Missouri, the party attacking a release or settlement 'bears the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted.'" Harper Enterprises, Inc. v. Aprilia World Serv. USA, Inc., 270 F. App'x 458, 460 (8th Cir. 2008) (quoting Cameron v. Norfolk & W. Ry., 891 S.W.2d 495, 499 (Mo. Ct. App. 1994)).

The Court has reviewed the Settlement Agreement, which was attached to plaintiffs' motion, and finds that a valid contract was formed. The Settlement Agreement acknowledges that consideration exists. Doc. 208, Ex. 1 at 1. Earl v. St. Louis Univ., 875 S. W.2d 234, 237 (Mo. Ct. App. 1994). ("[t]he recitation of consideration in an agreement is prima facie evidence that consideration to support the agreement was present; it creates a presumption that the recitals are true, a presumption which continues unless overcome by evidence to the contrary."). The Court also finds there was offer and acceptance, which is evidenced by the terms of the Settlement Agreement, the signatures, and partial performance by Wellington. Having met the offer, acceptance, and consideration requirements, the Court finds the Settlement Agreement to be an enforceable contract that represents the terms of settlement of this case. See Beck, 18 S.W.3d at 10.

The Court also finds that Wellington breached the terms of the Settlement Agreement when it failed to make its monthly installments of $975.00 starting in June 2016. Under the terms of the agreement, it is now in default, which means that the entire remaining balance owed by Wellington is now due, and plaintiffs have the right to execute and collect on the remaining balance. Plaintiffs state in their motion that the balance of the remaining settlement payments is Sixteen Thousand, Five Hundred Seventy-Five Dollars ($16,575.00). The Court, therefore, will enter judgment against Wellington in that amount. Joe Hand Promotions, Inc. v. Zulic, No. 11-CV-1738, 2013 WL 1281993, at *2 (E.D. Mo. Mar. 26, 2013) (entering judgment against party who breached settlement agreement); Constr. Indus. Laborers Pension Fund v. JT Concrete, LLC, No. 4:12-CV-255, 2013 WL 105209, at *1 (E.D. Mo. Jan. 8, 2013) (same); Vrabel v. Ordway Grp., LLC, No. CIV 06-1664, 2007 WL 3313799, at *2 (D. Minn. Nov. 6, 2007) (finding it proper to enforce settlement agreement by entering judgment against the party who breached for the amount past due).

It their motion, plaintiffs also have asked for Seven Hundred and Fifty Dollars ($750.00) for attorneys' fees they claim they incurred in filing the motion for enforcement of the Settlement Agreement. Plaintiffs, however, have neither pointed to a provision in the Settlement Agreement nor cited applicable law allowing for the recovery of attorneys' fees in this case. In the absence of authority, the Court declines to award plaintiffs their attorneys' fees. Trim Fit, LLC v. Dickey, 607 F.3d 528, 532 (8th Cir. 2010) (citing Essex Contracting, Inc. v. Jefferson Cnty., 277 S.W.3d 647, 657 (Mo. banc 2009)) ("In Missouri, attorney's fees are not recoverable from another party, except when allowed by contract or statute.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Enforce Terms of Settlement Agreement is **GRANTED in part, and DENIED in part.** The motion is **GRANTED** to the extent that the Court shall enter judgment against defendant Wellington Concrete, LLC in the amount of Sixteen Thousand, Five Hundred Seventy-Five Dollars ($16,575.00). In all other respects, the motion is **DENIED.** [Doc. 24]

A separate judgment will accompany this Memorandum and Order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   1st   day of December, 2016.