# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:15-CV-804 CAS |
| WELLINGTON CONCRETE, LLC, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel post-judgment discovery. Specifically, plaintiffs seek an order directing Defendant Wellington Concrete, LLC ("Wellington") to produce documents and requiring corporate representative Timothy Benden to answer deposition questions. Plaintiffs' motion is accompanied by exhibits. Defendant did not respond to the motion, and the time to do so has expired. For the following reasons, the Court will grant plaintiffs' motion to compel post-judgment discovery.

### *I. Background*

On May 20, 2015, plaintiffs brought a three-count complaint against Wellington under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs alleged in their Complaint that Wellington agreed to be bound by the terms and conditions of a collective bargaining agreement ("CBA") between the Site Improvement Association and the Eastern Missouri Laborers' District Council and Local Union No. 660. Plaintiffs further alleged that Wellington employed laborers under the terms of the CBA, but Wellington failed and has refused to submit remittance reports and to pay and

contribute to the various funds, as required by the CBA. In their Complaint, plaintiffs sought delinquent contributions, liquidated damages, interest, attorneys' fees and costs.

Wellington answered plaintiffs' Complaint, and on July 22, 2015, the parties filed a joint motion to stay the case in order to allow for an audit of Wellington's books and records. The Court granted the motion, and the case was stayed until September 5, 2015. On May 23, 2016, the parties filed a Stipulation for Dismissal with Prejudice. In their stipulation, the parties notified the Court they had reached a settlement, and stated the parties agreed that the Court "shall retain jurisdiction over the Release and Settlement Agreement between the parties for purposes of enforcement of its terms." Doc. 22. On May 24, 2016, the case was dismissed with prejudice.

On August 10, 2016, plaintiffs filed a motion to enforce settlement against Wellington, stating that Wellington made the first installment under the terms of the Release and Settlement Agreement but failed to make any subsequent payments. The Court granted plaintiffs' motion by Memorandum and Order, dated December 1, 2016, and entered judgment in favor of plaintiffs in the amount of Sixteen Thousand Five Hundred Seventy-Five Dollars ($16,575.00). Doc. 26.

## II. Motion to Compel

On August 17, 2017, plaintiffs served a subpoena upon Timothy Benden, Registered Agent and Organizer of Wellington, to appear at a deposition and to produce requested documents, pursuant to Federal Rule of Civil Procedure 69 and § 513.380 of the Missouri Revised Statutes (2010). Doc. 32-1. The subpoena required the attendance of Mr. Benden, as a corporate representative of Wellington, and the simultaneous production of certain documents relevant to plaintiffs' efforts to collect the judgment in this case. Id.

Mr. Benden appeared at the deposition, but did not produce any of the documents requested by the subpoena. Doc. # 32-3. Mr. Benden was asked forty-two questions by plaintiffs' counsel at the deposition. See id. Mr. Benden acknowledged his name, stated that he did not recognize the subpoena, and refused to answer the forty other questions directed to him by plaintiffs' counsel, asserting the privilege of self-incrimination under the Fifth Amendment. See id.

On November 9, 2017, plaintiffs filed this Motion to Compel, arguing that Mr. Benden's assertions of a Fifth Amendment privilege were improper because: (1) Mr. Benden did not provide any basis for asserting the privilege; and (2) Mr. Benden appeared at the deposition as a representative of a limited liability company, not in his personal capacity. Plaintiffs seek an order compelling Mr. Benden to answer the forty questions set forth in the deposition and to produce the documents requested in the subpoena. Plaintiffs also seek their costs incurred in the attendance at the Rule 69 deposition and filing the instant motion. As stated above, Wellington did not submit a response to plaintiffs' Motion to Compel.

### III. Discussion

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed. R. Civ. P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or execution, a judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed. R. Civ. P. Pursuant to the Federal Rules of Civil Procedure,

3

plaintiffs appropriately seek to take a post-judgment deposition and obtain documents relevant in aid of execution of their judgment.

The question, therefore, is whether Mr. Benden's refusal to answer plaintiffs' deposition questions and failure to produce documents based on an assertion of the Fifth Amendment privilege is a fair deprivation of plaintiffs' right to seek post-judgment discovery.

In civil cases, the Fifth Amendment does not provide an all-encompassing right of refusal to respond to discovery requests. Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (holding there is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings). "The privilege must be specifically claimed on a particular question and the matter submitted to the court for its determination as to the validity of the claim." Capitol Prod. Corp. v. Hernon, 457 F.2d 541, 542-43 (8th Cir. 1972) (quotations and citations omitted) (applying Missouri law). The assertion of the privilege must be a "substantial and real" expression of the "hazards of incrimination." Id. at 543 (internal quotations omitted). The witness must have "reasonable cause to apprehend danger from a direct answer." Hoffman v. United States, 341 U.S. 479, 486 (1951). The court must determine "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id.

The standard for determining the validity of an invocation of the Fifth Amendment privilege in a civil case requires the Court to be in a position to assess the question, including its context, and the potential consequences of a response. Here, Mr. Benden refused to answer the majority of the deposition questions, failed to produce the requested documents without explanation, and did not respond to the instant motion to compel, rendering the appropriate analysis impossible by this Court.

Mr. Benden has simply not established that he faces a real danger of incrimination with respect to any of the questions he declined to answer at the deposition or as to the documents he failed to produce. See Iron Workers St. Louis Dist. Council Annuity Trust, et al. v. DKW Constr. Co., 2010 WL 3620476, at *1 (E.D. Mo. Sept. 9, 2010) (granting motion to compel answers to deposition questions because corporate officer's blanket refusal to answer based on the Fifth Amendment privilege prevented the court from determining whether the risk of self-incrimination is substantial and real).

Moreover, the Fifth Amendment privilege in a civil context protects "an *individual* from compelled production of his *personal* papers and effects . . . ." Bellis v. United States, 417 U.S. 85, 87 (1975) (emphasis added); see also United States v. White, 322 U.S. 694, 698 (1944) (explaining that the "constitutional privilege against self-incrimination is essentially a personal one, applying only to natural individuals."). A corporation, such as a limited liability company, cannot claim the privilege against self-incrimination. See Braswell v. United States, 487 U.S. 99, 102 (explaining that pursuant to the "collective entity" doctrine, "it is well established that such artificial entities are not protected by the Fifth Amendment."). "A corollary of the 'collective entity' doctrine prohibits an individual who holds the entity's records 'in a representative capacity' from invoking the Fifth Amendment to avoid producing them 'even if these records might incriminate him personally.'" Iron Workers, 2010 WL 3620476, at *1 (quoting Braswell, 487 U.S. at 110). "Artificial entities such as corporations may act only through their agents, and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand." Braswell, 487 U.S. at 110.

Plaintiffs' subpoena was directed to Mr. Benden as the "Registered Agent and Organizer" for Wellington and not as an individual. As a custodian of records for Wellington, a limited liability company, the collective entity doctrine prevents Mr. Benden from asserting the privilege of self-incrimination.

Plaintiffs' motion to compel answers to deposition questions and to compel production of documents should therefore be granted, and Timothy Benden, as representative of Wellington Concrete, LLC, will be ordered to answer each of the deposition questions in writing, and to produce the subpoenaed documents at the same time.

The Court further finds plaintiffs to be entitled to a reimbursement of reasonable expenses incurred for attendance at the Rule 69 deposition and in filing the instant motion. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, "If the motion [for an order compelling disclosure or discovery] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion including attorney's fees." Courts in this district have awarded sanctions pursuant to Rule 37, as requested by plaintiffs here, when defendants fail to participate in post-judgment discovery. See Iron Workers, 2010 WL 3620476, at *1 (ordering defendant to reimburse plaintiffs "their costs of conducting the first deposition, the cost of the second deposition and attorneys' fees" due to the defendant's blanket invocation of the Fifth Amendment); Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC, 2011 WL 3891870, at *1 (E.D. Mo. Sept. 1, 2011) (awarding plaintiffs' attorneys fees and costs for having to bring a motion to compel post-judgment discovery).

Here, defendant had the opportunity to respond to plaintiffs' request for attorney's fees and expenses, but failed to do so. Mr. Benden's blanket assertion of the Fifth Amendment is conduct that warrants the imposition of expenses, including attorney's fees, under Rule 37.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Compel Answers and to Compel Production of Documents is **GRANTED**. [Doc. 32]

**IT IS FURTHER ORDERED** that Timothy Benden shall, no later than **Monday**, **June 18, 2018**, produce to plaintiffs' counsel, the documents listed in the Subpoena served on August 17, 2017 and filed as Exhibit A to plaintiffs' Motion to Compel.

**IT IS FURTHER ORDERED** that Timothy Benden shall, no later than **Monday**, **June 18, 2018**, submit answers to plaintiffs' counsel, in writing, to all questions set forth in plaintiffs' September 25, 2017 deposition and filed as Exhibit C to the plaintiffs' Motion to Compel.

**IT IS FURTHER ORDERED** that Defendant Wellington Concrete, LLC shall reimburse Plaintiffs their reasonable costs of conducting the September 25, 2017 deposition and for plaintiffs' costs in bringing this instant Motion to Compel, including attorney's fees.

**IT IS FURTHER ORDERED** that by **Monday, June 18, 2018**, plaintiffs shall file a verified statement of their reasonable expenses and attorney's fees incurred in making the Motion to Compel and in the attendance at the Rule 69 deposition, using the filing event "Response to Court." Defendant may file any response to the statement of fees and expenses by **Monday, June 25, 2018**, also using the filing event "Response to Court."

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to Timothy Benden, at 130 Cuivre Parc, Troy, Missouri 63379.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of June, 2018.